

**STATE OF IDAHO**

OFFICE OF THE ATTORNEY GENERAL

LAWRENCE G. WASDEN

March 30, 2017

Molly C. Dwyer
Clerk of the Court
Ninth Circuit Court of Appeals
P.O. Box 193939
San Francisco, CA 94119-3839

Re: *Animal Legal Defense Fund v. Wasden*, No. 15-35960—Response to Appellees' Fed. R. App. R. 28(j) Letter (DktEntry 77)

Dear Ms. Dwyer:

This Court's decision in *Washington v. Trump*, No. 17-35105, 2017 WL 526497 (9th Cir. Feb. 9, 2017), adds nothing to the previous briefing in this appeal.

*First*, and foremost, the States' Equal Protection Clause claim in *Trump* alleged discrimination on the basis of religion—*i.e.*, the Executive Order "was intended to disfavor Muslims." Slip Op. 25. The panel therefore looked to United States Supreme Court authority dealing with religious and, secondarily, racial discrimination. *Id.* 25-26. As the Supreme Court explained in *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 534 (1993), "[o]fficial action that targets religious conduct for distinctive treatment cannot be shielded by mere compliance with the requirement of facial neutrality." As it explained further in *Larson v. Valente*, 456 U.S. 228, 248 (1982), the appellants there bore the burden of "demonstrat[ing] that the challenged . . . rule [was] closely fitted to further the interest that it assertedly serves." These free exercise claim standards are

Hon. Molly C. Dwyer
March 30, 2017
Page 2

wholly foreign to the rational-basis equal protection paradigm applicable here. Br. Appellant 35-36.

*Second*, *Trump* addressed a claim that the person performing the allegedly discriminatory act—the President—had himself expressed the intent to implement a "Muslim ban." Slip Op. 25. Here, in contrast, Appellees seek to invalidate through their animus-grounded equal protection theory a statute adopted by a 105-member legislative body, of whom only a few participated in committee hearings or floor debate and most of whom stressed a desire to protect property rights from infringement. Br. Appellant 46-50. Appellees' attempt to ascribe animus to that entire body runs squarely up against both common sense and federal common law. *E.g.*, *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Devel. Corp.*, 461 U.S. 190, 216 (1983); *see also* Br. Appellant 45.

*Third*, for the reasons discussed in Appellant's opening and reply briefs, the plainly rational basis for the challenged statutory provisions negates the need for *any* inquiry into alleged animus and, therefore, the motives of individual legislators. Br. Appellant 43-44; Reply Br. Appellant 22-25.

Sincerely,

/s/ Clay R. Smith
Deputy Attorney General

9th Circuit Case Number(s) | 15-35960

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*********************************************************************************

## CERTIFICATE OF SERVICE
When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) Mar 30, 2017.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | /s/ Clay R. Smith

*********************************************************************************

## CERTIFICATE OF SERVICE
When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) _____.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)